UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHEENA M. LEE, | ) | No. 19-CV-7450 |
| INDIVIDUALLY AND ON BEHALF OF | ) | |
| ALL OTHERS SIMILARLY SITUATED, | ) | |
|     Plaintiff | ) | CLASS ACTION |
| | ) | |
| v. | ) | |
| B&Z AUTO ENTERPRISES, L.L.C. d/b/a | ) | |
| EASTCHESTER CHRYSLER JEEP DODGE | ) | |
| | ) | JURY DEMANDED |
|     Defendant | ) | |
| | ) | |

## COMPLAINT

## I.  INTRODUCTION

1.       Sheena M. Lee ("Plaintiff") brings this suit on behalf of herself and all those similarly situated against B&Z Auto Enterprises, LLC d/b/a Eastchester Chrysler Jeep Dodge ("B&Z"), an automobile dealership, for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*, in connection with the financed sale of automobiles to consumers.

## II.  PARTIES

2.       Plaintiff is a natural person residing in New Rochelle, New York.

3.       Defendant, B&Z, is a New York limited liability company and automobile dealership located in The Bronx, New York.

## III.  JURISDICTION

4.       Jurisdiction in this Court is proper under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

5.    This Court has jurisdiction over the defendant and venue in this Court is proper, because all subject transactions occurred in New York and Plaintiff is a resident of New York.

## IV.  FACTUAL ALLEGATIONS OF PLAINTIFF'S TRANSACTIONS

6.    On or about October 29, 2018, Plaintiff visited B&Z's dealership in The Bronx, New York interested in purchasing a used vehicle.

7.    Plaintiff selected a 2014 Chevrolet Malibu (the "Vehicle") and agreed to purchase it for a cash price of $8,500.

8.    B&Z prepared a contract worksheet (the "Worksheet") that listed the cash price of the Vehicle as $8,500.

9.    The Worksheet included a $295 charge for "loan processing fee (dealer processing fee)" (hereinafter the "Loan Processing Fee") which "includes administrative cost to process all documents in connection with all lease and/or financial document".

10.    The Loan Processing Fee is a separate charge from $75 dealer document fee authorized by Vehicle and Traffic Law §§ 215(a) and 415(9)(d), which charge was separately listed on the Worksheet.

11.    Plaintiff financed the purchase under a retail installment contract (the "Financing Contract") with B&Z.

12.    The Loan Processing Fee was included as part of the stated "cash price" for the Vehicle and was not separately itemized.

13.     The Loan Processing Fee is incidental to the extension of credit and would not be charged in a comparable cash transaction.

14.     Under TILA, the Loan Processing Fee should be disclosed as part of the finance charge under the TILA disclosures, but instead was included as part of the amount financed.

15.     The cost of credit is buried within the price of goods in contravention of the purpose of TILA. *See Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 366 (1973).

16.     As a result of B&Z's failure to properly disclose the terms of credit, the TILA disclosures are inaccurate and the finance charge and the annual percentage rate were understated.

## V.  CLASS ALLEGATIONS

17.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully herein.

18.     Plaintiff brings this action as a class action.

19.     The Class is comprised of all individuals who are similarly situated to the Plaintiff in that, within one year of the commencement of this action, they purchased a motor vehicle from B&Z under a retail installment contract, they were charged a Loan Processing Fee, and the Loan Processing Fee was included as part of the amount financed in their retail installment contract.

20.     The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, although this

information is known by the defendant and is readily ascertainable in discovery.

Based upon information readily available concerning the defendant, the size of its

operation, the number of vehicles it sells via dealer-arranged financing, Plaintiff

estimates and accordingly alleges that there are hundreds and, in all probability,

more than one thousand individuals in the class.

21.    There is a community of interest among the members of the proposed

Class in that there are questions of law and fact common to the proposed Class that

predominate over questions affecting only individual members.

22.    Plaintiff's claims are typical of those of the Class.

23.    Plaintiff is represented by counsel competent and experienced in both

consumer protection specific to the sale and financing of automobiles, and class

action litigation, and she has no conflicts with the members of the Class.

24.    The common questions of law and fact predominate over any

individual questions, in that the violation of TILA can be determined by

examination of the Worksheets and the Financing Agreements of the Class

members, and any individual questions are subordinate to the common questions of

whether B&Z violated the TILA disclosure requirements.

25.    A class action is superior to other methods for the fair and efficient

adjudication of the controversy. Because the damages suffered by individual class

members are relatively small compared to the expense and burden of litigation, it

would be impractical and economically unfeasible for class members to seek redress

individually. The prosecution of separate actions by the individual class members,

even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of the disclosure requirements under TILA, they are unlikely to bring independent actions, and a class action is the only way that these violations can be rectified.

## VI.  CLAIM FOR RELIEF

### VIOLATION OF TILA
### Individual and Class Claims for Violations of 15 U.S.C. § 1640, *et seq.*

26. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

27.    By failing to include the Loan Processing Fee as part of the finance charge and incorrectly including it as part of the amount financed, the required disclosures are inaccurate and in violation of Regulation Z of TILA.

28.    B&Z is liable to Plaintiff and members of the Class for statutory damages under 15 U.S.C. § 1640(a)(2)(A) and 15 U.S.C. § 1640(a)(2)(B).

29.    B&Z is also liable to Plaintiffs and members of the Class for their attorney fees and costs under 15 U.S.C. § 1640(a)(3).

WHEREFORE, the Plaintiff seeks on behalf of herself and the class members statutory damages and reasonable attorney fees, and costs.

## Jury Demand

Plaintiff demands a trial by jury.


Dated:        August 9, 2019


                    PLAINTIFF, SHEENA M. LEE,
                     Individually And On Behalf Of The Class,


                By:  /s/Brian L. Bromberg
                     Brian L. Bromberg
                     brian@bromberglawoffice.com
                     Bromberg Law Office, P.C.
                     26 Broadway, 27th Floor
                     New York, NY 10004
                     Tel (212) 248-7906
                     Fax (212) 248-7908


                     Daniel S. Blinn
                     dblinn@consumerlawgroup.com
                     Consumer Law Group, LLC
                     35 Cold Spring Rd., Suite 512
                     Rocky Hill, CT 06067
                     Tel. (860) 571-0408
                     Fax. (860) 571-7457